IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| TONY PARETS, individually and on behalf of other persons similarly situated who were employed by SPECIAL COUNSEL, INC. and ADECCO USA, INC. d/b/a MPS GROUP, INC. and/or any other entities affiliated with or controlled by SPECIAL COUNSEL, INC. and ADECCO USA, INC. d/b/a MPS GROUP, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> SPECIAL COUNSEL, INC. and ADECCO USA, INC. d/b/a MPS GROUP, INC., individually and/or any other predecessors, successors, and entities affiliated with or related to, or controlled by SPECIAL COUNSEL, INC. and ADECCO USA, INC. d/b/a MPS GROUP, INC., <br><br> Defendants. | CIVIL ACTION NO.: 3:15-CV-1289-J-25PDB <br><br> **FLSA COLLECTIVE ACTION COMPLAINT** |

The Named Plaintiff TONY PARETS (the "Named Plaintiff"), sues the above named Defendants, and states:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), to recover unpaid overtime wages owed to the Named Plaintiff and all similarly situated persons who are presently or were formerly employed by SPECIAL COUNSEL, INC. and ADECCO USA, INC. d/b/a MPS GROUP, INC.; or any other related entities (collectively "Defendants") for the purpose of reviewing documents for Defendants on behalf of their clients.

2. Upon information and belief, beginning in October 2012 and continuing through the present, Defendants have maintained a policy and practice of employing the Named Plaintiff and other similarly situated employees for document review projects without providing proper

overtime compensation at a rate of time-and-one-half for all hours worked in excess of 40 per workweek.

3. The Named Plaintiff has initiated this action seeking for himself, and on behalf of all similarly situated employees, all overtime compensation, which they were deprived of, plus interest, attorneys' fees, liquidated damages and costs.

## JURISDICTION

4. Jurisdiction of this Court is invoked pursuant to FLSA 29 U.S.C. §216(b) and 28 U.S.C. §1331.

5. Venue is proper in this District because Defendants are residents of this District.

## THE PARTIES

6. The Named Plaintiff, TONY PARETS, is an individual who currently resides in Union County, New Jersey.

7. The Named Plaintiff was employed by Defendants to perform document review assignments at Defendants' Miami, Florida offices from approximately March 2014 through August 2014.

8. Upon information and belief, Defendant Special Counsel, Inc. ("Special Counsel") is a foreign business corporation, organized and existing under the laws of the state of Maryland, with headquarters and a principal place of business located at 10151 Deerwood Park Blvd., Building 200, Suite 400, Jacksonville, Florida 12256.

9. Upon information and belief, Defendant Adecco USA, Inc. d/b/a MPS Group, Inc. ("Adecco") is a foreign business corporation, organized and existing under the laws of the state Delaware, with headquarters and a principal place of business located at 10151 Deerwood Park Blvd., Building 200, Suite 400, Jacksonville, Florida 12256.

10. Special Counsel has an annual gross volume of business done in excess of $500,000.00.

11. Adecco has an annual gross volume of business done in excess of $500,000.00.

12. Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting the same, Special Counsel and Adecco constitute an enterprise engaged in interstate commerce or in the production of goods for interstate commerce.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Named Plaintiff brings this collective action pursuant to 29 U.S.C. § 216(b) of the FLSA, on behalf of himself and all similarly situated individuals (collectively "Plaintiffs") employed by Defendants for the purpose of reviewing documents, and who were paid a flat hourly wage rate even for hours worked in excess of 40 hours in any given workweek, and as such did not receive overtime compensation at a rate of time-and-one-half their regular rate of pay.

14. At all relevant times, Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them one and one half times their regular rate of pay for work in excess of 40 hours per workweek. The claims of the Named Plaintiff stated herein are essentially the same as those of the other Plaintiffs.

15. This action is properly brought under and maintained as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA. Plaintiffs are readily ascertainable. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

16. The Named Plaintiff and putative class members are all victims of Defendants' common policy and/or plan to violate Federal wage and hour statutes by (1) misclassifying Named Plaintiff and members of the collective as exempt from overtime wage compensation; and (2) failing to provide overtime wages for work performed over 40 hours in any given workweek.

## FACTS

17. Upon information and belief, beginning in October 2012 and continuing through the present, Defendants employed individuals such as the Named Plaintiff to perform document review on temporary projects and on a short-term basis. Specifically, these individuals review hundreds of documents every day for the purpose of sorting the documents into certain categories identified by Defendants and/or their clients.

18. The legal services industry has for years been exploiting individuals with and without law degrees looking for short-term work by hiring them for document review projects that do not in any way resemble the practice of law.

19. The document reviewers are required to work long hours at relatively low hourly rates with no overtime premium compensation for hours worked in excess of 40 hours per workweek.

20. To justify this exploitative practice, the legal industry insists that because some of these individuals have law degrees, they are performing high level work of a nature that is exempt under the FLSA. This "justification" is extremely disingenuous because (a) the work is not the practice of law; (b) the work requires no independent discretion or judgment – and, indeed, expressly prohibits the exercise of independent discretion or judgment; and, (c) the document reviewers' compensation is very low, especially in light of the general profitability of

the law firms and their attorneys.

21. The Named Plaintiff worked for Defendants as a document reviewer. He was required to review documents under very specific guidelines set forth by Defendants and/or its clients and to sort documents based on those guidelines using document review software provided by Defendants and/or its clients.

22. Given the extremely routine nature of the Named Plaintiff's job duties while employed by Defendants, and the utter lack of independent judgment or discretion exercised or allowed to be exercised by the Named Plaintiff and others similarly situated, the Named Plaintiff was not exempt from the FLSA's overtime requirements.

23. Specifically, Defendants or their clients – necessarily, law firms – would typically give the Named Plaintiff hundreds of pages of documents and required the Named Plaintiff to mark whether individual documents could be categorized as "X, Y, or Z" (where "X" "Y" and "Z" stand for some specific, adjective or descriptive term preselected by Defendants or Defendants' clients). Depending on what the pre-selected adjectives or descriptive terms were, if certain keywords appeared in the documents, the Named Plaintiff was instructed to mark each document electronically in a certain category.

24. Most of the documents had already been "pre-marked" by the software system Defendants used.

25. The Named Plaintiff's entire responsibility while working for Defendants consisted of (i) looking at documents to see whether they could be categorized as a specific, pre-selected adjective or descriptive term, and (ii) marking those documents into the appropriate categories predetermined by Defendants and/or Defendants' clients. The Named Plaintiff provided services that a machine could have provided.

26. Defendants and/or their clients provided the Named Plaintiff with extremely detailed protocols to follow, and the Named Plaintiff was not required or allowed to exercise any independent judgment in carrying out these protocols.

27. The Named Plaintiff was told exactly what terms to look for in these documents, and the nature of this work required no legal analysis whatsoever.

28. The Named Plaintiff was prohibited from rendering any legal advice or opinions, and did not appear in court or execute legal documents.

29. As such, the Named Plaintiff did not practice law as part of his employment with Defendants.

30. Defendants paid the Named Plaintiff approximately $22.00 – $23.00 per hour for his work for Defendants, with no overtime compensation at the rate of time and one half his regular rate of pay for hours worked in excess of 40 hours worked in any given workweek.

31. The Named Plaintiff was required to work and routinely worked in excess of 40 hours per week – indeed, he typically worked approximately 50 hours per week – for Defendants.

32. Defendants paid the Named Plaintiff for the hours he worked in excess of 40 per week at his regular hourly rate rather than at one and one half times his regular hourly rate.

33. Upon information and belief, like the Named Plaintiffs, other similarly situated employees were also required to perform document review for over 40 hours per week without receiving proper overtime compensation.

34. Defendants instructed the Named Plaintiff, and upon information and belief, other similarly situated employees, to comply with its procedures.

35. Defendants paid the Named Plaintiff, and upon information and belief, other

similarly situated employees, directly.

36. Defendants maintained the ability to hire and fire the Named Plaintiff, and upon information and belief, other similarly situated employees.

37. Defendants maintained direct control and supervision of the work performed by the Named Plaintiff and other similarly situated employees.

38. Upon information and belief, the precise procedures as to how the Named Plaintiff and other similarly situated employees were to perform their jobs, i.e., what search terms they should locate on the reviewed documents, what software was to be used, and what should be done when such terms were found, were determined by Defendants and/or their clients.

39. Defendants constituted "employers" within the meaning of the FLSA, cases and regulations interpreting same.

40. Upon information and belief, Defendants maintain records of the actual hours worked by the Named Plaintiff and other similarly situated employees.

41. While working for Defendants, the Named Plaintiff and, upon information and belief, others similarly situated, routinely worked more than 40 hours in a given week without receiving overtime compensation at a rate of time-and-one-half their regular rate of pay.

42. Defendants engaged in this unlawful conduct knowingly, intentionally and willfully.

### FIRST CLAIM FOR RELIEF
**FLSA Overtime Violations – 29 U.S.C. §§ 201, *et seq.*
Brought by plaintiff on behalf of himself and
the FLSA Collective Plaintiffs**

43. The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

7

44. Pursuant to FLSA 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

45. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

46. Defendant is an employer within the meaning contemplated in the FLSA 29 U.S.C. §203(d).

47. Named Plaintiff and other similarly situated Plaintiffs are employees, within the meaning contemplated in FLSA 29 U.S.C. §203(e).

48. Throughout the statute of limitations period covered by these claims, the Named Plaintiff and the other similarly situated Plaintiffs regularly worked in excess of forty (40) hours per workweek.

49. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs at the required overtime rate at one and a half times their regular rate for hours worked in excess of forty (40) hours per workweek.

50. The failure of Defendants to pay Plaintiffs their rightfully owed wages and overtime compensation was willful.

51. By the foregoing reasons, Defendants are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, plus interest, attorneys' fees and costs.

**WHEREFORE**, the Named Plaintiff, individually and on behalf of all other persons similarly situated who were employed by SPECIAL COUNSEL, INC. and ADECCO USA, INC. d/b/a MPS GROUP, INC., seeks the following relief:

(1) on the first cause of action, against SPECIAL COUNSEL, INC. and ADECCO USA, INC. d/b/a MPS GROUP, INC. in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs, pursuant to the FLSA and regulatory provisions;

(2) together with such other and further relief the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues and claims so triable.

Dated: October 28, 2015

        DAMIAN & VALORI LLP
        1000 Brickell Avenue, Suite 1020
        Miami, FL 33131
        Telephone: (305) 371-3960
        Facsimile: (305) 371-3965

        By: _____
           PETER F. VALORI, ESQ.
           Florida Bar No.: 0043516
           E-mail: pvalori@dvllp.com
           RUSSELL LANDY, ESQ.
           Florida Bar No.: 0044417
           E-mail: rlandy@dvllp.com

        VIRGINIA & AMBINDER, LLP

        /s/Lloyd R. Ambinder, Esq.
        Lloyd R. Ambinder, Esq.
        40 Broad Street, Seventh Floor
        New York, New York 10004
        Tel: (212) 943-9080
        lambinder@vandallp.com
        *(Upon pro hac vice admission)*

–and–

        LEEDS BROWN LAW, P.C.
        Jeffrey K. Brown, Esq.
        Michael A. Tompkins, Esq.
        Brett R. Cohen, Esq.
        One Old Country Road, Suite 347
        Carle Place, New York 11514
        Tel:  (516) 873-9550
        jbrown@leedsbrownlaw.com
        *(Upon pro hac vice admission)*
        *Attorneys for the Named Plaintiff and Putative Class*